1
2
3
4
5
6
7                       UNITED STATES DISTRICT COURT

8                            DISTRICT OF NEVADA

9                                    * * *

10   In re                                  Case No. 3:13-cv-00699-MMD

11   ACCESS INSURANCE SERVICES, INC.,                  ORDER
     a Nevada Corporation,
12                                          (Defs' Motion to Withdraw Reference
                             Debtor,              – dkt. no. 1)
13

14   JANET L. CHUBB, Chapter 7 Trustee for
     ACCESS INSURANCE SERVICES, INC.,
15   a Nevada corporation, and LENNARD W.
     STILLMAN, Special Duty Liquidator of
16   WESTERN INSURANCE COMPANY, a
     Utah Corporation,
17
                             Plaintiffs,
18           v.

19   LG WARRANTY CO., LLC, an Ohio limited
     liability company, et al.,
20
                             Defendants.
21

22   **I.     SUMMARY**

23           Before the Court is Defendants LG Warranty Co., LLC ("LG") and Dale Holding

24   Co. of Columbus' ("Dale Holding") Motion to Withdraw Reference ("Motion"). (Dkt. no.

25   1.) For the reasons set out below, the Motion is denied.

26   **II.    BACKGROUND**

27           Plaintiffs Janet L. Chubb, the Chapter 7 Trustee ("Trustee") for Debtor Access

28   Insurance Services, Inc. ("Access" or "Debtor"), and Lennard W. Stillman, Special

Deputy Liquidator ("Liquidator") of Western Insurance Company ("Western"), filed a Complaint as co-plaintiffs in United States Bankruptcy Court, District of Nevada, against Defendants LG, Dale Holding, Christopher W. Lucas ("Lucas"), Sean M. Gouhin ("Gouhin"), and Thomas P. Heilman II ("Heilman"). (Dkt. no. 1-4.)

The Complaint alleges that Western and Access had business dealings with LG relating to the writing of insurance for automobile warranty programs "written, sold, and/or administered by [LG] in Ohio and elsewhere" and had loaned money secured by promissory notes to LG. (*Id.*) Plaintiffs  assert the following seventeen (17) claims for relief: (1) breach of a 2006 Promissory Note against LG regarding money owed to Liquidator/Western; (2) breach of guaranty for the 2006 Promissory Note against Lucas and Gouhin; (3) breach of a 2008 Promissory Note against LG regarding money owed to Trustee/Access; (4) breach of guaranty for the 2008 Promissory Note against Lucas and Gouhin regarding money owed to Trustee/Access; (5) breach of 2010 Promissory Notes against LG regarding money owed to Liquidator/Western; (6) declaratory relief regarding escrow proceeds and request for order directing proceeds to pay the promissory notes; (7) fraud against all Defendants; (8-14) claims for turnover, fraudulent transfer, avoidance of transfer, preferences and recovery of avoided transfers pursuant to Title 11 bankruptcy statutes and Utah state law; (15) breach of contract regarding money owed Trustee/Access; (16) unjust enrichment regarding money owed Trustee/Access; and (17) request for attorney's fees. (*Id.*)

In sum, the first, second and fifth claims in the Complaint seek relief for the Liquidator only and are apparently based in state common law. The third, fourth, fifteenth and sixteenth claims seek relief for the Trustee only and also appear to be based in state common law. The sixth, seventh and seventeenth claims for relief appear to be jointly asserted. The eighth through fourteenth claims for relief are asserted pursuant to title 11 by the Trustee and pursuant to state statutes by the Liquidator.

///

///

2

1   Defendants moved to dismiss this action and the bankruptcy court held a hearing.

2   (Dkt. no. 1-1 at 2.) At the hearing, the bankruptcy court instructed the parties to file a

3   motion to withdraw the reference. (*Id.* at 3.)

4   **III.   DISCUSSION**

5       **A.    Legal Standard**

6   District courts have original and exclusive jurisdiction over all cases under title

7   11. 28 U.S.C. § 1334(a). District courts also "have original but not exclusive jurisdiction

8   of all civil proceedings arising under title 11, or arising in or related to cases under title

9   11." 28 U.S.C. § 1334(b). District courts may refer to the bankruptcy court "all cases

10  under title 11 and any or all proceedings arising under title 11 or arising in or related to a

11  case under title 11." 28 U.S.C. § 157(a). Section 157(d) provides for two ways that a

12  reference may be withdrawn from a bankruptcy proceeding, one mandatory and one

13  permissive. Defendants appear to seek permissive withdrawal. Section 157(d) allows

14  permissive withdrawal "for cause shown," but does not provide guidance as to what is

15  necessary to show cause. Accordingly, courts have identified a variety of factors that

16  may be considered, including:  (1) efficient use of judicial resources; (2) delay and costs

17  to parties; (3) uniformity of bankruptcy administration; (4) prevention of forum shopping;

18  and other related factors. *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers,*

19  *Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1999) (citation omitted).

20      **B.    Analysis**

21  Defendants ask this Court to withdraw the reference for the following reasons:  (1)

22  the bankruptcy court cannot enter final judgment as to the Liquidator's claims because

23  they are non-core; (2) the bankruptcy court cannot enter final judgment as to the

24  Liquidator's claims as a result of *Stern v. Marshall*, 131 S.Ct. 2594 (2011); and (3) the

25  Liquidator's claims are not "related to" the underlying bankruptcy proceeding for

26  purposes of § 1334(b) jurisdiction. (Dkt. no. 1-1 at 6–7.) The Court finds that it is

27  appropriate to leave this action with the bankruptcy court.

28  ///

The Court notes that the parties do not dispute the bankruptcy court's jurisdiction over the Trustee's claims. Defendants acknowledge that the Trustee's claims may fall "within the ambit of 'related to' jurisdiction" and indeed do not present any arguments to the contrary. (*Id.* at 7.) Section 1334 provides for jurisdiction over three types of proceedings: (1) proceedings "arising under" title 11; (2) proceedings "arising in" a case under title 11; and (3) proceedings "related to" a case under title 11. 28 U.S.C. §§ 1334(a), 1334(b). These types of proceedings may be referred to the bankruptcy court pursuant to 28 U.S.C. § 157(a). "Proceedings 'arising under' title 11 involve causes of action created or determined by a statutory provision of that title." *In re Wilshire Courtyard*, 729 F.3d 1279, 1285 (9th Cir. 2013) (citation omitted). It is undisputed that the Trustee asserts claims eight through fourteen pursuant to 11 U.S.C. §§ 547 and 548. The Trustee's remaining claims all relate in some way to recovery of money owed under the Promissory Notes. As the bankruptcy court's jurisdiction over the Trustee's claims is not presently in dispute, the question before this Court is whether the Liquidator's claims should proceed in bankruptcy court as well.

The Liquidator's claims may proceed in the bankruptcy court pursuant to that court's supplemental jurisdiction. Pursuant to 28 U.S.C. § 1367(a), district courts have "supplemental jurisdiction over all other claims that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." The Ninth Circuit has determined that "the bankruptcy court's 'related to' jurisdiction also includes the district court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367 . . . ." *In re Sasson,* 424 F.3d 864, 869 (9th Cir. 2005); *see also In re Pegasus Gold Corp.*, 394 F.3d 1189, 1195 (9th Cir. 2005) (*citing Sec. Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1008 n.5 (9th Cir. 1997)) (section 1367 supplemental jurisdiction applies to bankruptcy claims). A bankruptcy court can properly exercise supplemental jurisdiction over "claims that involve a 'common nucleus of operative facts' and would ordinarily be expected to be resolved in one judicial proceeding," even where said claims have a relationship to the

underlying bankruptcy proceeding more tangential than what is generally required for "related to" jurisdiction. *In re Pegasus*, 394 F.3d at 1194-95 (*citing United Mine Workers v. Gibbs*, 383 U.S. 715 (1966)).Plaintiffs argue that there is a common nucleus of operative fact in this case because Access and Western had an agency agreement, both worked with LG, both loaned money to LG secured by the 2006 Promissory Note, and both were parties to the escrow agreement through which Access and Western's interest in the promissory notes allegedly attached to the sale proceeds. (Dkt. no. 1-16 at 9-10.) Furthermore, the Complaint alleges that Defendants presented Access with a letter signed on behalf of Western and Access deeming all debts owed by LG under the 2006 and 2008 Promissory Notes to be satisfied. (Dkt. no. 1-4 ¶ 21.) The seventh claim for relief asserts that this letter was produced by Defendants' fraud. (*Id.* at 11-12.) Although only the Liquidator seeks to recover on the 2006 Promissory Note, the Trustee seeks to recover on the 2008 Promissory Note. The seventh claim for relief therefore affects recovery under the promissory notes by both the Liquidator and the Trustee. The Court determines that there is a common nucleus of operative facts such that it makes sense to resolve the Trustee's and the Liquidator's claims in one proceeding.

Supplemental jurisdiction need not be exercised in every case in which it is found to exist and courts should consider matters of "judicial economy, convenience and fairness to litigants" before asserting jurisdiction over supplemental claims. *Gibbs*, 383 U.S. at 726. Judicial economy would best be served in this case by allowing all of the claims to proceed in the bankruptcy court, where the Trustee's claims properly reside. This would also be more convenient to the parties as it would avoid potentially duplicative discovery proceedings between the Trustee's action in bankruptcy court and the Liquidator's action in this Court.

Defendants' main objection to the exercise of supplemental jurisdiction is on fairness grounds. Defendants argue that it would be unfair to Defendants to allow the Liquidator to bootstrap its claims into bankruptcy court and then take advantage of the bankruptcy rules' nationwide service of process. (Dkt. no. 2 at 4-5, 7-9.) Defendants'

argument is speculative, however, and relies on the mere fact that the service of process rules in bankruptcy court and district court are different, without explaining why that difference is significant in this case. Defendants assert that the Liquidator is trying to take advantage of the bankruptcy court's procedures but that alone is not sufficient to raise fairness issues that would warrant refusal of supplemental jurisdiction.

Defendants additionally argue that the reference should be withdrawn because claims before the bankruptcy court are non-core or *Stern* claims. The Court disagrees. The Court is not compelled to withdraw a reference simply because certain claims may be non-core. Recently, in *Executive Benefits Insurance Agency v. Arkison*, 134 S.Ct. 2165 (2014), the Supreme Court of the United States found that "[i]f a matter is non-core, and the parties have not consented to final adjudication by the bankruptcy court, the bankruptcy judge must propose findings of fact and conclusions of law." 134 S.Ct. at 2172. Thus, the bankruptcy court has authority to hear non-core claims and "submit proposed findings of fact and conclusions of law to the district court for de novo review and entry of judgment." *Id.* at 1273. As the Supreme Court further noted, the bankruptcy court may "determine whether each claim before it is core or non-core."[1] *Arkinson,* 134 S.Ct. at 2171 (citing 28 U.S.C. § 157(b)(3)).

In light of *Arkinson*, the Court finds it is appropriate for this proceeding to remain in bankruptcy court. As it is undisputed that some of the Trustee's claims are core claims that arise under title 11, and as the Court determines that the bankruptcy court may exercise supplemental jurisdiction over Plaintiffs' remaining claims, efficient use of judicial resources and uniformity of bankruptcy administration support leaving the reference in place so that all claims may proceed in the bankruptcy court. *See Sec. Farms*, 124 F.3d at 1008. The bankruptcy court may determine whether Plaintiffs' claims

---

[1]The Court is not persuaded to a different result by *In re Coe-Truman Technologies, Inc.*, 214 B.R. 183 (N.D. Ill. 1997). Defendants rely on this case to argue that withdrawal is appropriate because certain claims in the Complaint are non-core. (Dkt. no. 1-1 at 4.) However, in *Coe-Truman*, the entire *proceeding* was non-core. *Coe-Truman*, 214 B.R. at 187. Here, it is undisputed that Trustee's title 11 claims are core.

are core, non-core or *Stern* claims and make final judgment or recommendations accordingly.

## IV.   CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion or reconsideration as they do not affect the outcome of the Motion.

It is therefore ordered that Defendants' Motion to Withdraw Reference (dkt. no. 1) is denied.

DATED THIS 12th day of November 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE